IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALL STATE ASSET MANAGEMENT, LLC | : | Case No. 4:11-CV-1009 |
| Plaintiff | : | |
| v. | : | (Judge Brann) |
| INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, MARY ELLEN DRURY, POCONO ADVANTAGE REAL ESTATE, LLC, ROBERT RAZZAN AND VIRGINIA RAZZAN | : | |
| Defendants. | : | |

**MEMORANDUM**
August 6, 2013

This action to quiet title was commenced in the Court of Common Pleas of Monroe County, Pennsylvania on April 8, 2011. Notice of Removal ¶ 1, ECF No. 1. It was removed to this Court on May 25, 2011 pursuant to the jurisdiction conferred by 28 U.S.C. § 1346. Id. Before the Court is Plaintiff's Motion to Strike

Default Judgment (ECF No. 29), and Defendant United States of America's[1] ("United States") Motion to Vacate Order of Sale of Real Property (ECF No. 36) and Motion to Dismiss and to Remand (ECF No. 39). Plaintiff has not filed an opposition to either of Defendant's motions.

I. BACKGROUND

On September 15, 2010, Plaintiff purchased the real property at issue – located in the subdivision of Lenape Hills at Lot 28, Commanche Pines Road, Chestnuthill Township, Monroe County, Pennsylvania ("the Property") – at a tax upset sale in Monroe County. Notice of Removal, Ex. A, ECF No. 1-2. Defendant Mary Ellen Drury ("Drury") was the previous owner of the Property and at the time it was sold, the Property was subject to three liens. See Notice of Removal, Ex. A, ECF No. 1-2.

Defendant United States held one such lien for assessed, unpaid federal taxes. Id. Defendants Pocono Advantage Real Estate, LLC ("Pocono"), and Robert and Virginia Razzan ("Razzans") each also held liens in their favor against the Property. See Id.

---

[1] The docket reflects the name of this Defendant as Internal Revenue Service, Department of the Treasury. But the Answer and Amended Answer make clear that the proper Defendant is the United States of America. See ECF Nos. 2-3.

Plaintiff initiated the instant litigation to quiet title against Drury seeking a court order barring and enjoining Defendant Drury from ever attacking the validity of Plaintiff's title. Id. As against the three Defendant lien holders, Plaintiff seeks the outstanding balance on the liens and, if no response is provided, a discharge of the liens against the Property. Id.

Defendant United States responded by bringing counter-claims against all Defendants and Plaintiff for the unpaid federal tax liens, seeking that the Property be foreclosed upon, sold, and the proceeds applied to the outstanding tax liabilities. Amd. Answer, ECF No. 3.

Following the Clerk's Entry of Default against Plaintiff and Defendant Drury, the Court entered judgment in favor of the United States and ordered that the Property be sold and the proceeds used, in part, to satisfy Defendant Drury's tax liabilities. See Jan. 25, 2012 Order, ECF No. 23. Subsequently, on June 6, 2012, Plaintiff moved to strike the default judgment entered against it on the basis that service by the United States was improper. ECF No. 29. This case was then stayed for several months on account of Plaintiff's Chapter 11 bankruptcy proceedings. ECF No. 32.

On October 2, 2012, this case was reopened and the United States immediately filed a motion to vacate the Court's Order to sell the Property,

explaining that Plaintiff and Defendant had reached an agreement to settle the tax liabilities and the federal tax lien had been released from the Property. ECF No. 36. On the same day, the United States also filed a motion to dismiss all the claims against it and to remand this case to state court. ECF No. 39. No opposition was filed to either motion.

## II. DISCUSSION

Defendant and counter-claim Plaintiff United States offers identical arguments and evidence in support of both its motions. Specifically, that Plaintiff and the United States were engaged in settlement negotiations between May and July 2012 and that on July 31, 2012, the United States received a check from Plaintiff for the full settlement amount demanded by the United States. Def. Mot. Dismiss, Decl. Christopher Belen, ECF No. 40-1. Accordingly, the United States released the federal tax lien encumbering the Property on August 23, 2012, and all proceedings to sell the Property were halted. Def. Mot. Dismiss, Ex. 119, ECF No. 40-2.

Because the previously pending federal tax lien has been discharged, the United States asks to be dismissed from this action. The original claims against it are moot – as Plaintiff has received the benefit of the relief requested – and, Defendant's counter-claims have also been settled. Plaintiff has had ample time

and opportunity to object to both of these motions, had it wished to do so, and its silence must be taken as acquiescence. Local Rule 7.6.

Consequently, Defendant United States of America will be dismissed from this action and the Order authorizing the sale of the Property will be vacated. The basis for this Court's exercise of jurisdiction no longer exists, and so this matter shall be remanded back to the Court of Common Pleas of Monroe County, Pennsylvania. The Plaintiff's corresponding motion to strike the default judgment entered against it has been rendered moot.

## III. CONCLUSION

For the reasons set forth herein, the United States' Motion to Vacate Order of Sale of Real Property (ECF No. 36) and Motion to Dismiss and to Remand to State Court (ECF No. 39) will be granted. Defendant United States will be dismissed from this action with prejudice and the matter shall be remanded to the Court of Common Pleas of Monroe County, Pennsylvania. Plaintiff's Motion to Strike Default Judgment will be granted as moot. An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge